UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK,

    Plaintiff,

v.                                                                           CASE NO. 3:10-CV-00577-J-99TJC-JBT

BEEMER & ASSOCIATES XVII, L.C.,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Regions Bank's Motion to Strike Defendants' Demand for Jury Trial with Supporting Memorandum of Law (Doc. 37) ("the Motion") and Defendant Las Vegas Self Storage, Inc.'s Response in Opposition thereto (Doc. 38) ("the Response").

Plaintiff's Complaint arises out of a commercial loan transaction between Plaintiff, as lender, and one of the Defendants, Beemer & Associates XVII, L.C. ("Beemer XVII"), as borrower. (*See* Doc. 1.) There are seventeen Defendants named in the Complaint. (*Id.*) The Motion concerns fifteen of these Defendants, *i.e.*, every Defendant except for Beemer XVII and Mike Ashourian.[1] (*See* Doc. 37.) In the Motion, Plaintiff labels these fifteen Defendants as the "Account Holder Defendants," and this Court will do the same.

In the Answer filed on behalf of all Defendants, the Account Holder Defendants demand a jury trial. (Doc. 27.) The Motion seeks to have the Court strike this jury demand. (Doc. 37.) All of the Account Holder Defendants, except for Defendant, Las Vegas Self Storage, Inc. ("Las Vegas"), do not object to the relief requested in the Motion.

---

[1] Defendant Mike Ashourian did not demand a jury trial. (*See* Doc. 27.)

1

(*See id.*)  Therefore, the Motion is due to be granted as to those Defendants.

Defendant Las Vegas contests the Motion primarily on the ground that it did not sign the Signature Card (Doc. 37-2 at 16), which incorporated the Deposit Agreement (Doc. 37-1), containing the jury trial waiver. (Doc. 38.) Although Plaintiff acknowledges in a footnote in the Motion that Las Vegas never signed the Signature Card (Doc. 37 at 5 n.2), the Motion does not address how Las Vegas could be held bound to a waiver of jury trial contained in an agreement that it did not sign.  As in *Belin v. Litton Loan Servicing, LP*, 2006 U.S. Dist. LEXIS 48547 (M.D. Fla. July 17, 2006), although Plaintiff contends that Las Vegas is somehow "bound by this provision in a document [it has] not signed, [it has] not cited any authority for [its] argument." *Id.* at *5.  Thus, as the Court did in *Belin*, this Court will deny the Motion to the extent it pertains to Las Vegas.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Regions Bank's Motion to Strike Defendants' Demand for Jury Trial  (**Doc. 37**) is **GRANTED in part** and **DENIED in part**.

    a. The Motion is **DENIED** as to Defendant, Las Vegas Self Storage, Inc.

    b. The Motion is **GRANTED** as to the other Account Holder Defendants.

2. Defendants' demand for jury trial is **STRICKEN** from the Answer (Doc. 27), except as to Defendants, Las Vegas Self Storage, Inc. and Beemer & Associates XVII, L.C.

3. Defendants are granted leave to re-file their Answer **on or before October 28, 2010**, to reflect that only Defendants, Las Vegas Self Storage, Inc. and Beemer & Associates XVII, L.C., demand trial by jury.

**DONE AND ORDERED** at Jacksonville, Florida, on October 15, 2010.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record