UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK,

    Plaintiff,

v.   CASE NO. 3:10-CV-00577-J-99TJC-JBT

BEEMER & ASSOCIATES XVII, L.C.,
*et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Regions Bank's ("Regions") Motion to Strike Defendant's Demand for Jury Trial with Supporting Memorandum of Law (Doc. 43) ("Motion") and Defendant Beemer & Associates XVII, L.C.'s ("Beemer XVII") Response thereto (Doc. 46) ("Response").

On October 15, 2010, the Court entered an Order striking Defendants' demand for jury trial from the Answer (Doc. 27), except as to Defendants, Las Vegas Self Storage, Inc. and Beemer XVII. (Doc. 40.) Plaintiff now moves to strike the demand for jury trial asserted by Beemer XVII. (Doc. 43.) In its Response, Beemer XVII concedes that it signed a conspicuous written waiver of its right to jury trial, but opposes the relief sought in the Motion "to the extent the Court should find that Regions has waived its right to enforce the contractual waiver, on account of laches." (Doc. 46.)

The Court does not find that Regions has waived its right to enforce Beemer XVII's written waiver of the right to jury trial. The case cited in the Response, *Madura v. Countrywide Home Loans*, 2008 U.S. Dist. LEXIS 11422 (M.D. Fla. Jan. 15, 2008), finding that the defendants waived their right to enforce a jury trial waiver provision, *id.* at *2-3, is

distinguishable. In *Madura*:

> not only did Defendants wait for more than a year before seeking to enforce the jury trial waiver provision, but they also indicated on their case management report . . . that Plaintiffs demanded a jury trial (and they did not indicate their objection thereto) and they failed to object to the Court's scheduling orders setting this case for a jury trial.

*Id.* at 2.

In the present case, the Motion was filed less than two months after the initial Motion to Strike (Doc. 37) was filed. Plaintiff explains this short delay adequately by noting that it did not realize Beemer XVII had demanded a jury trial in the Answer, and that the parties agreed in the Case Management Report that "[a]ll of the Defendants, with the exception of Las Vegas Self Storage, Inc. agree that they are not entitled to a jury trial." (Doc. 34 at 2.) Under these circumstances, Regions has not waived its right to enforce Beemer XVII's written waiver of the right to jury trial and, thus, the Motion is due to be granted.

Accordingly, it is **ORDERED**:

1. Regions Bank's Motion to Strike Defendant's Demand for Jury Trial (**Doc. 43**) is **GRANTED**.

2. Beemer XVII's demand for jury trial is **STRICKEN** from the Answer (Doc. 27), as amended (Doc. 42).

**DONE AND ORDERED** at Jacksonville, Florida, on December 14, 2010.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to: Counsel of Record