UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.        CASE NO. 3:10-cv-576-J-32JBT

BEEMER & ASSOCIATES XLVII,
L.L.C., et al.,

    Defendants.
_____

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.        CASE NO. 3:10-cv-577-J-32JBT

BEEMER & ASSOCIATES XVII,
L.L.C., et al.,

    Defendants.
_____

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendants' Motions to Amend Final Judgment to Determine Proper Amount of Setoff and Deficiency and for Stay of Collection Activities (Docs. 116 & 190) filed in Case Nos. 3:10-cv-576-J-32JBT and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

3:10-cv-577-J-32JBT, respectively, Plaintiff's Responses thereto (Docs. 117 & 191, respectively), and the parties' Joint Notices (Docs. 121 & 196) regarding the related state court actions.  The Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution thereof.  (Docs. 118 & 192.)  For the reasons set forth herein, the undersigned recommends that the Motions be **DENIED**.

   I.   **Background**

In each of the above-captioned cases, Defendants defaulted on a loan secured by a mortgage on a piece of commercial property.  (Doc. 116 at 1–2; Doc. 190 at 1–2.)   The owner of the promissory notes obtained judgments against Defendants in this Court in the amount of $6,306,042.45 and $11,350,628.18. (Doc. 117 at 2; Doc. 191 at 2.)   Thereafter, the mortgages were foreclosed in two consolidated state court actions, *Wells Fargo Bank v. Beemer & Associates XLVII*, Case No. 2012-CA-505, and *Wells Fargo Bank, N.A. v. Beemer & Associates XVII, L.C.*, Case No. 2012-CA-506, which are currently pending in the Circuit Court in and for Clay County, Florida.  (*Id.*)

As a result of the foreclosure proceedings, Plaintiff now owns the subject properties.[2]   (Doc. 116 at 2–3; Doc. 190 at 2–3.)   Defendants argue that the judgments in the above-captioned cases have thus been at least partially satisfied.

---

[2] The notes and/or judgments have been assigned multiple times.  (*See* Doc. 116 at 2; Doc. 190 at 2.)  However, to avoid unnecessary confusion, the undersigned will refer to the current assignee of the judgments as "Plaintiff" herein.

(Doc. 116 at 3–6; Doc. 190 at 3–6.) Specifically, Defendants contend that they are entitled to a setoff against each judgment in an amount equal to the fair market value of each corresponding piece of property on the date of the foreclosure sales. (*Id.*) Currently, an evidentiary hearing is scheduled in the consolidated state court actions for September 4, 2014, to determine those fair market values. (Doc. 121 at 2; Doc. 196 at 2.) Nevertheless, Defendants now request relief from the judgments in this Court pursuant to Federal Rule of Civil Procedure 60(b)(5) and a stay pending resolution of that request pursuant to Federal Rule of Civil Procedure 62(b)(4). (Doc. 116 at 3–6; Doc. 190 at 3–6.)

## II.     Standard

Federal Rule of Civil Procedure 60(b)(5) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment has been satisfied, released or discharged . . . ." Federal Rule of Civil Procedure 62(b)(4) provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: . . . under Rule 60, for relief from a judgment or order."

## III.    Analysis

### 1.    Relief From Judgment Pursuant to Rule 60(b)(5)

Although Defendants ask this Court to "determine the proper amount of setoff," an evidentiary hearing is already scheduled in the state court actions for the

purpose of determining the property values that this Court would likely use to calculate the potential setoffs. (Doc. 116 at 1; Doc. 190 at 1; Doc. 121 at 2; Doc. 196 at 2.) Moreover, the Motions concede that the state court "expressly reserved jurisdiction for that purpose," and Defendants request a stay in this Court "[u]ntil such time as the [state] court has made that determination." (Doc. 116 at 5–6; Doc. 190 at 6.)

Plaintiff argues that the Motions are not ripe because this Court cannot determine the amount of any relief from the judgments until the state court has determined the operative values of the subject properties. (Doc. 117 at 1–2; Doc. 191 at 1–2.) Plaintiff thus agrees with Defendants that the property values used to calculate the potential settoffs should be determined by the state court. (*Id.*) Furthermore, Plaintiff argues that given the size of the judgments, it is likely that substantial judgments will remain against Defendants even once setoffs are applied.[3] (Doc. 117 at 2; Doc. 191 at 2.)

The undersigned agrees with Plaintiff that even assuming Rule 60(b)(5) is the appropriate mechanism through which Defendants may obtain relief from the judgements in this situation, the Motions are premature because the property values that this Court would likely use to calculate potential setoffs have not yet been

---

[3] Although Defendants are silent as to the possible values of the properties, Plaintiff asserts that they only have assessed values of $2,379,883 and $1,324,832, which would leave outstanding judgments against Defendants of approximately $8,970,745.10 and $4,981,210.45 after setoffs. (Doc. 117 at 2; Doc. 191 at 2.)

determined in the state court actions. Defendants concede that those values should be determined by the state court, and they have provided no relevant authority in support of their position that their Rule 60(b)(5) requests are properly before the Court at this time. Therefore, the undersigned recommends that the requests be denied as premature.

## 2. Stay Pursuant to Rule 62(b)(4)

It appears that Defendants are only moving under Rule 60(b)(5) at this time in an attempt to obtain a stay from discovery and collection activities pursuant to Rule 62(b)(4). However, because the requests for relief from the judgments should be denied as premature, the requests for a stay should also be denied because no Rule 60(b)(5) motions will be pending. Moreover, stays pursuant to Rule 62(b)(4) are entirely discretionary. *See Fidelity Interior Constr., Inc. v. Se. Carpenters Reg'l Council*, Case No. 1:05-cv-2938-RWS, 2009 WL 2477637, at *1 (N.D. Ga. Aug. 11, 2009) ("Rule 62(b) authorizes the Court, *within its discretion*, to stay execution pending disposition of the motion.") (emphasis added).

The Motions are vague and devoid of any specific facts that would warrant a stay at this time. Specifically, although Defendants are silent as to the anticipated amounts of the setoffs, it appears that substantial judgments will likely remain against Defendants in both cases even after setoffs are applied. (*See* Doc. 117 at 2; Doc. 191 at 2.) The Motions are also silent regarding what discovery and/or collection activities may be occurring.

Moreover, although a hearing is currently set for September 4, 2014 in the state court actions, it is uncertain when the state court will actually issue a ruling regarding the subject property values. Therefore, the stay requested by Defendants is indefinite in nature. Although Rule 62(b) authorizes stays pending resolution of certain motions before this Court, it does not authorize indefinite stays pending resolution of issues before other courts. *See* Fed. R. Civ. P. 62(b). Finally, Defendants have failed to address the general requirement that they must post security in order to stay proceedings under Rule 62(b)(4). *See Cont'l Cas. Co., v. First Fin. Emp. Leasing, Inc.*, Case No. 8:08-cv-2372-T-27GW, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 27, 2010) ("[N]ormally the party seeking a stay [pursuant to Rule 60(b)] is required to post a bond sufficient to protect fully the prevailing party's interest in the judgment.") (quotations omitted). For all of the aforementioned reasons, the undersigned recommends that Defendants' requests for a stay be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

The Motions (**Docs. 116 & 190**) filed in Case Nos. 3:10-cv-576-J-32JBT and 3:10-cv-577-J-32JBT, respectively, be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on July 11, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record